ANDERSON KILL & OLICK, P.C.
R. Mark Keenan (RK 7617)
Greg Hansen (GH 3516)
1251 Avenue of the Americas
New York, New York 10024
(212) 278-1000

Attorneys for Defendant
Tortue, LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>         - against -<br><br>TORTUE, LTD.,<br><br>                              Defendant. | Civil Action No. 08 CV 5020 (GEL)<br><br>**ANSWER AND COUNTERCLAIM**<br><br>**JURY DEMANDED** |

Defendant Tortue, Ltd. ("Tortue"), as and for its Answer to Plaintiff St. Paul Fire & Marine Insurance Company's ("St. Paul") Complaint for Declaratory Judgment in Admiralty (the "Complaint"), state as follows:

1.      Tortue denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 1 of the Complaint.

2.      Tortue admits the allegation contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Tortue denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies the allegations, and respectfully refers all questions of law to the Court.

4. As to the allegations contained in Paragraph 4 of the Complaint, Tortue respectfully refers all questions of law to the Court.

5. As to the allegations contained in Paragraph 5 of the Complaint, Tortue respectfully refers all questions of law to the Court.

6. As to the allegations contained in Paragraph 6 of the Complaint, Tortue respectfully refers all questions of law to the Court.

## FACTS

7. Tortue admits the allegations contained in Paragraph 7 of the Complaint and respectfully refers the Court to the Policy for the full and complete terms thereof.

8. Tortue admits the allegations contained in Paragraph 8 of the Complaint.

9. Tortue admits the allegations contained in Paragraph 9 of the Complaint.

10. Tortue denies the allegations contained in Paragraph 10 of the Complaint.

11. Tortue denies the allegations contained in Paragraph 11 of the Complaint.

12. Tortue admits the allegations contained in Paragraph 12 of the Complaint.

13. As to the allegations contained in Paragraph 13 of the Complaint, Tortue respectfully refers the Court to the Policy for the full and complete terms thereof.

14. As to the allegations contained in Paragraph 14 of the Complaint, Tortue respectfully refers the Court to the Policy for the full and complete terms thereof.

15. Tortue admits the allegations contained in Paragraph 15 of the Complaint.

16. Tortue admits the allegations contained in Paragraph 16 of the Complaint.

17. Tortue admits the allegations contained in Paragraph 17 of the Complaint.

18. Tortue admits the allegations contained in Paragraph 18 of the Complaint.

19. Tortue denies the allegations contained in Paragraph 19 of the Complaint.

20. Tortue denies the allegations contained in Paragraph 20 of the Complaint.

21. Tortue denies the allegations contained in Paragraph 21 of the Complaint.

22. Tortue denies the allegations contained in Paragraph 22 of the Complaint.

23. Tortue denies the allegations contained in Paragraph 23 of the Complaint.

24. Tortue admits the allegations contained in Paragraph 24 of the Complaint, but denies that Tortue had any duty to request that the TWO KISSES be covered under the Policy.

25. As to the allegations contained in Paragraph 25 of the Complaint, Tortue admits that St. Paul denied coverage by letter dated June 15, 2007 and respectfully refers the Court to St. Paul's June 15, 2007 letter for the full and complete terms thereof.

26. As to the allegations contained in Paragraph 26 of the Complaint, Tortue admits that it wrote a letter to St. Paul dated October 19, 2007 and respectfully refers the Court to Tortue's October 19, 2007 letter for the full and complete terms thereof.

27. Tortue denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies the allegations, but admits that St. Paul maintained its denial of coverage by letter dated November 20, 2007 and respectfully refers the Court to St. Paul's November 20, 2007 letter for the full and complete terms thereof.

28. As to the allegations contained in Paragraph 26 of the Complaint, Tortue admits that it wrote a letter to St. Paul dated January 4, 2008 and respectfully refers the Court to Tortue's January 4, 2008 letter for the full and complete terms thereof.

## FIRST CAUSE OF ACTION

29. Tortue repeats and incorporates by reference its answers to paragraphs 1 through 28 of the Complaint, as if the same were set forth at length herein.

30. Tortue denies the allegations contained in Paragraph 30 of the Complaint and respectfully refers all questions of law to the Court.

31. Tortue denies the allegations contained in Paragraph 31 of the Complaint and respectfully refers all questions of law to the Court.

32. Tortue denies the allegations contained in Paragraph 32 of the Complaint and respectfully refers all questions of law to the Court.

## SECOND CAUSE OF ACTION

33. Tortue repeats and incorporates by reference its answers to paragraphs 1 through 32 of the Complaint, as if the same were set forth at length herein.

34. Tortue denies the allegations contained in Paragraph 34 of the Complaint and respectfully refers all questions of law to the Court.

35. Tortue denies the allegations contained in Paragraph 35 of the Complaint and respectfully refers all questions of law to the Court.

## THIRD CAUSE OF ACTION

36. Tortue repeats and incorporates by reference its answers to paragraphs 1 through 35 of the Complaint, as if the same were set forth at length herein.

37. Tortue denies the allegations contained in Paragraph 37 of the Complaint and respectfully refers all questions of law to the Court.

38. Tortue denies the allegations contained in Paragraph 38 of the Complaint and respectfully refers all questions of law to the Court.

39. Tortue denies the allegations contained in Paragraph 39 of the Complaint and respectfully refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

40. St. Paul has failed to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

41. St. Paul's claims are barred by the doctrines of waiver, laches, and/or estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

42. St. Paul's claims fail because St. Paul breached the insurance Policy it sold to Tortue.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43. St. Paul's clams are barred by its unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44. This Court lacks personal jurisdiction over Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45. Venue is improper.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

46. St. Paul failed to effectuate proper service of process.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

47. Tortue reserves the right to supplement or amend these affirmative defenses as further affirmative defenses are discovered.

**WHEREFORE**, Tortue prays this Court to dismiss St. Paul's Complaint in its entirety.

## COUNTERCLAIMS

## NATURE OF THE ACTION

1.      This is an insurance coverage action brought against St. Paul Fire & Marine Insurance Company ("St. Paul") who sold to Tortue, Ltd. ("Tortue"), The Quay Marine Insurance Agreement, covering first-party property damage, among other risks, in effect from April 2, 2007 to April 2, 2008 (the "Policy"). The Policy provides coverage to Tortue for a variety of perils, including marine vessel coverage and personal property coverage.

2.      Tortue owns and operates the 2000 77ft Grand Alaskan yacht ISLAND TIME ("ISLAND TIME"). At all relevant times, ISLAND TIME utilized a 22ft Pursuit – TWO KISSES – as a tender ("TWO KISSES").

3.      The instant claim pertains to a casualty suffered by TWO KISSES while acting as a tender for ISLAND TIME (the "Accident"). Thus far, St. Paul has wrongfully denied coverage for the losses suffered by Tortue in connection with damage resulting from the Accident.

4.      This is an action to recover damages in an amount to be proven at trial for losses suffered by Tortue. Accordingly, Tortue seeks a declaration of its rights to insurance coverage under the Policy, damages for breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing against St. Paul, an award of attorneys' fees against St. Paul, and any additional relief this Court deems just and appropriate.

## THE PARTIES

5.  Tortue is a private corporation located at 527 Madison Avenue, 20th Floor, New York, NY 10022.

6.  Upon information and belief, Defendant St. Paul is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

## FACTS

### THE POLICY

7.  St. Paul sold the Policy to Tortue with policy limits of $2.1 million in coverage for the 2000 77ft Grand Alaskan "ISLAND TIME", $2 million in coverage for liability and $50,000.00 for damage to personal property.

8.  The Policy is an "all risk" property form under which all fortuitous, unexpected losses are covered unless specifically excluded.

9.  The Policy provides that St. Paul "will pay for accidental direct physical loss of or damage to [ISLAND TIME] as specifically stated or excluded in this policy."

10. Under the Policy, "Yacht" is defined to include ISLAND TIME'S "tenders and personal watercraft."

11. Under the Policy, "Tenders and Personal Watercraft" are required to "be used in conjunction with and capable of being carried aboard [ISLAND TIME]."

### THE TENDER

12. Prior to the Accident, ISLAND TIME had a 22ft Pursuit – TWO KISSES – which operated as a tender for ISLAND TIME.

13. The cruising permit issued by the Bahamian Customs Department lists TWO KISSES as a tender for ISLAND TIME. The Customs Department did not require that a separate cruising permit be obtained for TWO KISSES.

14. TWO KISSES was used in conjunction with the business of ISLAND TIME.

15. TWO KISSES was capable of being carried aboard ISLAND TIME.

**THE ACCIDENT**

16. On May 5, 2007, while the Policy was in full force and effect, TWO KISSES was involved in an accident and completely destroyed while engaged in a voyage from Green Turtle Cay to Treasure Cay in the Bahamas. John Lee Russell perished as a result of the Accident.

17. ISLAND TIME is incapable of easily navigating the voyage between Green Turtle Cay and Treasure Cay, using TWO KISSES in this capacity is precisely the intended and natural use of a tender. During the months of March and April preceding the Accident, TWO KISSES was used at least four times to complete trips between Green Turtle Cay and Treasure Cay.

**THE CLAIM**

18. Tortue provided St. Paul with immediate notice of the Accident and filed a claim under the Policy on May 21, 2007.

19. By letter dated June 15, 2007, St. Paul denied coverage under the Policy alleging that TWO KISSES was not a "tender" for ISLAND TIME, stating that "[c]overage for this loss is excluded by your policy, and therefore, St. Paul Fire & Marine Insurance Company regrets that we are unable to respond to your claim for the damage to the 22ft Pursuit that was not listed on the policy."

20. By letter dated October 19, 2007, Tortue demanded that St. Paul satisfy its obligations under the Policy.

21. By letter dated November 20, 2007, St. Paul affirmed its denial, maintaining its declination of coverage for the Accident under the Policy.

22. By letter dated January 4, 2008, Tortue reiterated its demand that St. Paul satisfy its obligations under the Policy.

23. Tortue has at all times performed the terms of the Policy that were to be performed on Tortue's part in the manner specified in the Policy. Tortue has met every condition precedent, satisfied every obligation and paid all premiums due under the Policy and, thus, is rightfully entitled to the benefit of the Policy sold by St. Paul.

24. As of the date of this action, St. Paul has refused to provide coverage for Tortue's first-party property damage claim.

25. Tortue seeks a judgment declaring that St. Paul is liable to pay for the Accident up to the Policy limits. In addition, Tortue seeks actual and compensatory damages proximately caused by St. Paul's persistent breaches of contract, fiduciary duty, and the implied covenant of good faith and fair dealing. Finally, Plaintiff respectfully asks this Court to award any and all additional damages or relief it deems just and appropriate at law or in equity, including an award of attorneys' fees in this action against the Defendant.

### FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 of this Complaint and incorporates the same as if fully set forth herein.

27. The Defendant refuses to accept its obligations under the Policy as evidenced by the denial of coverage, and failure to pay Tortue's Loss under the Policy.

28. An actual and justiciable controversy presently exists between the parties under the Policy because Tortue is entitled to insurance coverage for the Loss.

29. Pursuant to 28 U.S.C. § 2201, *et seq.* and under this Court's equitable powers, Plaintiff Tortue is entitled to a judgment declaring that St. Paul is obligated under the Policy and applicable law to pay for the Loss incurred under the Policy.

### SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 of this Complaint and incorporates the same as if fully set forth herein.

31. Tortue has at all times performed the terms of the Policy that were to be performed on Tortue's part in the manner specified in the Policy. Tortue has met every condition precedent, satisfied every obligation and paid all premiums due under the Policy and, thus, is rightfully entitled to the benefit of the Policy sold by St. Paul.

32. St. Paul, however, has failed and refused, and still fails and refuses, to honor its obligations under the Policy by refusing to pay for the Loss.

33. As a result of St. Paul's failure and refusal to perform its obligations under the Policy, Tortue has suffered damages including, but not limited to the direct and proximate result of the breaches of contract by St. Paul.

## THIRD CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY)

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33 of this Complaint and incorporates the same as if fully set forth herein.

35. St. Paul has a fiduciary duty to Tortue.

36. St. Paul breached its fiduciary obligation stemming from its relationship with Tortue.

37. By its conduct, St. Paul intentionally or recklessly disregarded its fiduciary obligation to Tortue and therefore Tortue is entitled to exemplary damages.

38. As a result of this breach of fiduciary duty owed to Tortue by St. Paul, Tortue has suffered damages in an amount to be determined at trial and is entitled to all other consequential damages, exemplary damages, expenses, costs, interest, and attorneys' fees, and all other relief as the Court shall deem just and appropriate.

## FOURTH CAUSE OF ACTION
## (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 of this Complaint and incorporates the same as if fully set forth herein.

40. St. Paul is required to act in good faith, abstain from deception, and practice honesty and equity in all dealings with its policyholders.

41. The business of insurance is affected by the public interest.

42. St. Paul owes a covenant of good faith and fair dealing to its policyholders, including Tortue, given the insurance contract between them.

43.     The covenant of good faith and fair dealing obligates each party to a contract to refrain from taking any action which would deprive the other of its reasonable expectations under the contract, or to cause undue hardship or harm to the other party.

44.     Notwithstanding St. Paul's knowledge that the requests for insurance coverage under the Policy by the Plaintiff are valid, St. Paul breached its duties of good faith and fair dealing to the extent that St. Paul engaged in conduct calculated to further its own economic interest at the expense of the Plaintiff.

45.     St. Paul breached its duty of good faith and fair dealing in the following respects:

    (a)     taking an unreasonable amount of time to assess its coverage obligations and raise defenses to insurance coverage under the Policy;

    (b)     unreasonably, inadequately, and improperly investigating Plaintiff's claims for coverage under the Policy; and

    (c)     compelling Plaintiff into litigation in order to gain the benefits of the coverage promised under the Policy.

46.     The panoply of bad faith actions and omissions set forth in the preceding paragraph are the type of egregious disregard of the rights and needs of policyholders that requires the imposition of punitive damages. In the instant case, an appropriate measure of such damages would be to hold St. Paul liable for all the costs associated with the Accident.

47.     Upon information and belief, St. Paul has breached its duties of good faith and fair dealing owed to the Plaintiff by other acts and omissions of which the Plaintiff is presently unaware. Plaintiff will seek leave of this Court to amend these

claims at such time as it may ascertain the other acts and omissions constituting such breaches.

48.     Due to its breaches of the duty of good faith and fair dealing, St. Paul is estopped from denying coverage.

49.     As a direct and proximate result of these breaches and wrongful conduct, the Plaintiff has suffered, and will continue to suffer, damages for which St. Paul is, and will be, liable in an amount as yet unascertained. These damages include at a minimum all the costs, fees, and expenses incurred in the instant litigation, including all counsel fees, and other direct and consequential harm and expenses to be proved at trial.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant as follows:

1.      On the First Cause of Action, a declaration by this Court that St. Paul is obligated under the Policy and applicable law to cover all losses suffered by Tortue in connection with damage resulting from the Accident.

2.      On the Second Cause of Action, judgment against St. Paul for actual, consequential and compensatory damages in an amount to be proven at trial.

3.      On the Third Cause of Action, judgment against St. Paul for actual, consequential and compensatory damages in an amount to be proven at trial, and all other consequential damages, exemplary damages, expenses, costs, interest and attorneys' fees and all other relief as the Court shall deem just and appropriate.

4.      On the Fourth Cause of Action, judgment against St. Paul for actual, consequential and compensatory damages in an amount to be proven at trial,

and all other consequential damages, exemplary damages, expenses, costs, interest and attorneys' fees and all other relief as the Court shall deem just and appropriate.

      5.      On all Causes of Action, for prejudgment interest, attorneys' fees, costs and disbursements in bringing and conducting this action.

6. Any and all additional relief this Court deems just and appropriate in resolving this matter.

Dated: June 25, 2008                    ANDERSON KILL & OLICK, P.C.


By: /s/ Greg Hansen
R. Mark Keenan (RK 7617)
Greg Hansen (GH 3516)
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000

Attorneys for Counterclaim Plaintiff
Tortue Ltd.