**DUANE MORRIS LLP**
Attorneys for Plaintiffs
744 Broad Street, Suite 1200
Newark, New Jersey 07102
Telephone No. (973) 424.2000
Facsimile No.  (973) 424.2001
Email: JWCarbin@duanemorris.com
        AGKominsky@duanemorris.com
Counsel for Plaintiff ST. PAUL
FIRE & MARINE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ST. PAUL FIRE & MARINE INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TORTUE, LTD.,**<br><br>**Defendant.** | Index No. 08-5020 (GEL)<br><br>ECF CASE<br><br>**ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S REPLY TO DEFENDANT'S COUNTERCLAIM** |

Plaintiff, St. Paul Fire and Marine Insurance Company ("St. Paul") by and through its

attorneys, Duane Morris LLP, as and for its Reply to Defendant, Tortue, Ltd.'s ("Tortue")

Counterclaim, states as follows:

### Nature of the Action

1.      St. Paul admits only that it issued an insurance policy to Tortue, insuring covered

risks in effect from April 2, 2007 to April 2, 2008.  St. Paul states that the terms and conditions

of the policy speak for themselves, but except as so admitted, denies the allegations contained in

Paragraph 1 of the Counterclaim.

1

2.      St. Paul lacks knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 2 of the Counterclaim regarding the ownership and operation of the yacht, ISLAND TIME. St. Paul denies the rest of the allegations contained in Paragraph 2 of the Counterclaim.

3.      St. Paul denies the allegations contained in Paragraph 3 of the Counterclaim.

4.      Denied.  The allegations contained in Paragraph 4 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 4 of the Counterclaim.

## The Parties

5.      St. Paul admits only that Tortue is a corporation with offices located at 527 Madison Avenue, 28th Floor, New York, New York, 10022, but except as so admitted denies the allegation contained in paragraph 5 of the counterclaim.

6.      St. Paul denies the allegations contained in Paragraph 6 of the Counterclaim.

**The Policy**

7.      St. Paul states that the terms and conditions of the policy speak for themselves, but except as so admitted, denies the allegations contained in Paragraph 7 of the Counterclaim.

8.      St. Paul states that the terms and conditions of the policy speak for themselves, but except as so admitted, denies the allegations contained in Paragraph 8 of the Counterclaim

9.      St. Paul states that the terms and conditions of the policy speak for themselves, but except as so admitted, denies the allegations contained in Paragraph 9 of the Counterclaim

10.      St. Paul admits only that the terms and conditions of the policy speak for themselves.

DM1\1356036.1

11.    St. Paul states that the terms and conditions of the policy speak for themselves, but except as so admitted, denies the allegations contained in Paragraph 11 of the Counterclaim

**The Tender**

12.    St. Paul denies the allegations contained in Paragraph 12 of the Counterclaim.

13.    St. Paul denies the allegations contained in Paragraph 13 of the Counterclaim.

14.    St. Paul denies the allegations contained in Paragraph 14 of the Counterclaim.

15.    St. Paul denies the allegations contained in Paragraph 15 of the Counterclaim.

**The Accident**

16.    St. Paul denies knowledge or information with respect to the allegations contained in Paragraph 16 of the Counterclaim, except St. Paul admits only that the policy was in effect on May 5, 2007.

17.    St. Paul denies the allegations contained in Paragraph 17 of the Counterclaim.

**The Claim**

18.    St. Paul admits only that it was provided with notice of an accident on or about May 21, 2007.  Except as so admitted, St. Paul denies the allegations contained in Paragraph 18 of the Counterclaim.

19.    St. Paul neither admits nor denies the allegations contained in Paragraph 19 of the Counterclaim and states that the letter dated June 15, 2007 speaks for itself.

20.    St. Paul neither admits nor denies the allegations contained in Paragraph 20 of the Counterclaim, and states that the letter dated October 19, 2007 speaks for itself.

21.    St. Paul neither admits nor denies the allegations contained in Paragraph 21 of the Counterclaim, except states the letter dated November 20, 2007 speak for itself.

DM1\1356036.1

22.    St. Paul neither admits nor denies the allegations contained in Paragraph 22 of the Counterclaim, except states that the terms and conditions of the letter dated January 4, 2008 speak for themselves.

23.    St. Paul denies the allegations contained in Paragraph 23 of the Counterclaim.

24.    St. Paul neither admits nor denies the allegations contained in Paragraph 24 of the Counterclaim, except to state that coverage was not provided pursuant to the terms and conditions of the policy.

25.    The allegations contained in Paragraph 25 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 25 of the Counterclaim.

## First Cause of Action (Declaratory Judgment)

26.    Defendant realleges and incorporates by reference its responses to the preceding paragraphs of the Counterclaim as if fully set forth herein.

27.    St. Paul denies the allegations contained in Paragraph 27 of the Counterclaim.

28.    The allegations contained in Paragraph 28 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 28 of the Counterclaim.

29.    The allegations contained in Paragraph 29 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 29 of the Counterclaim.

## Second Cause of Action (Breach of Contract)

30.    Defendant realleges and incorporates by reference its responses to the preceding paragraphs of the Counterclaim as if fully set forth herein.

31.    St. Paul denies the allegations contained in Paragraph 31 of the Counterclaim.

4

32.     St. Paul denies the allegations contained in Paragraph 32 of the Counterclaim.

33.     St. Paul denies the allegations contained in Paragraph 33 of the Counterclaim.

**Third Cause of Action (Breach of Fiduciary Duty)**

34.     Defendant realleges and incorporates by reference its responses to the preceding paragraphs of the Counterclaim as if fully set forth herein.

35.     The allegations contained in Paragraph 35 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 35 of the Counterclaim.

36.     The allegations contained in Paragraph 36 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 36 of the Counterclaim.

37.     The allegations contained in Paragraph 37 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 37 of the Counterclaim.

38.     The allegations contained in Paragraph 38 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 38 of the Counterclaim.

**Fourth Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing)**

39.     Defendant realleges and incorporates by reference its responses to the preceding paragraphs of the Counterclaim as if fully set forth herein.

40.     The allegations contained in Paragraph 40 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 40 of the Counterclaim.

DM1\1356036.1

41.    The allegations contained in Paragraph 41 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 41 of the Counterclaim.

42.    The allegations contained in Paragraph 42 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 42 of the Counterclaim.

43.    The allegations contained in Paragraph 43 of the Counterclaim set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 43 of the Counterclaim.

44.    St. Paul denies the allegations contained in Paragraph 44 of the Counterclaim. Further, to the extent that Paragraph 44 contains legal conclusions, not factual allegations, no response is required.

45.    a.    St. Paul denies the allegations contained in Paragraph 45(a) of the Counterclaim.

45.    b.    St. Paul denies the allegations contained in Paragraph 45(b) of the Counterclaim.

45    c.    St. Paul denies the allegations contained in Paragraph 45(c) of the Counterclaim.

46.    The allegations contained in Paragraph 46 set forth legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 46 of the Counterclaim.

6

47.    The allegations contained in Paragraph 47 of the Counterclaim contain legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 47 of the Counterclaim.

48.    The allegations contained in Paragraph 48 of the Counterclaim contain legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 48 of the Counterclaim.

49.    The allegations contained in Paragraph 49 of the Counterclaim contain legal conclusions, not factual allegations, to which no response is required.  To the extent a response is required, St. Paul denies the allegations contained in Paragraph 49 of the Counterclaim.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the allegations of the Counterclaim St. Paul states as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant has failed to state a cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Defendant's claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has fully complied with all the applicable terms and conditions contained in the Policy which were to be performed by the Plaintff.

### FIFTH AFFIRMATIVE DEFENSE

Defendant has failed to provide evidence that its claim is covered under the Policy.

### SIXTH AFFIRMATIVE DEFENSE

The action is barred by the applicable statute of limitations, laches or other time limit.

## SEVENTH AFFIRMATIVE DEFENSE

The claim is not of the type covered by the Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant has failed to comply with the terms and conditions contained in the Policy.

## NINTH AFFIRMATIVE DEFENSE

Defendant's claims for relief under the Policy are subject to the terms and conditions of the Policy, including but not limited to, the Policy's exclusions, limits of liability, warranties and deductibles.

## TENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred because its claim is excluded from coverage under the Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred because Plaintiff acted reasonably at all times.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant's claims are barred because Plaintiff's actions were not knowing or intentional.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred because coverage under the Policy is fairly debatable.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred because Defendant failed to disclose material elements relating to the risk involved.

DM1\1356036.1

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred as it violated the duty of *Uberrimae Fidei*.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff reserves the right to amend this pleading to reflect additional affirmative defenses as may be revealed though discovery and further pleadings.

**WHEREFORE,** Plaintiff St. Paul Fire and Marine Insurance Company prays that this Court dismiss Tortue's Counterclaim in its entirety and grant St. Paul any and all additional relief this Court deems just and proper.

Dated: Newark, New Jersey
      July 15, 2008

**DUANE MORRIS LLP**
A Delaware Limited Liability Partnership
744 Broad Street, Suite 1200
Newark, New Jersey 07102
Tel. (973) 424-2000
Fax (973) 424-2001
Email: JWCarbin@duanemorris.com
Attorneys for Plaintiff
St. Paul Fire and Marine
Insurance Company

By:

James W. Carbin (JC-5004)
Adam Kominsky (AK-3970)

DM1\1356036.1